IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| HULL PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAN FUELS ALLIANCE AMERICA f/k/a NATIONAL BIODIESEL BOARD and RENEWABLE ENERGY GROUP<br><br>    Defendants. | LAW NO. _____<br><br><br><br>PETITION |

COMES NOW the Plaintiff, Hull Partners, LLC, by and through its counsel, Kenneth R. Munro, and for its cause of action against the Defendants, states as follows:

1.    Plaintiff, Hull Partners LLC ("Hull"), is a limited liability company organized under the laws of Massachusetts.

2.    Defendant, Clean Fuels Alliance America ("CFAA"), formerly known as the National Biodiesel Board, is an Iowa Chapter 504 domestic nonprofit corporation, incorporated under the laws of Iowa, with its principal place of business being Jefferson City, Missouri.

3.    Defendant, Renewable Energy Group, Inc ("REG"), is a corporation licensed under the laws of Delaware, with its principal place of business being Ames, Iowa.

4.    The amount in controversy exceeds the jurisdictional limit for small claims court.

5.    This case is based upon contracts that were to be performed in whole or in part in the state of Iowa, and which contained consent to jurisdiction in Iowa with venue in Polk County, Iowa.  As such, venue and jurisdiction are proper in the Iowa District Court for Polk County, Iowa.

6.    Each of the parties has been involved, at all times material hereto, in the development of bio diesel fuel mixtures.

7. In 2016, CFAA approached Hull, for the purpose of establishing a collaborative effort, to develop a California approved biodiesel additive. This collaborative effort was reduced to writing in what was called a Cooperative Research and Development Agreement or CRADA. This CRADA was not signed.

8. In March 2016, CFAA and Hull entered into a Confidentiality and Non-Disclosure Agreement concerning Hull's know how, testing and research of bio-diesel fuel mixtures.

9. REG was a member of CFAA. In this capacity, REG was informed of the existence of the Confidentiality and Non-Disclosure Agreement, and REG was advised that it was subject to the terms and conditions of the Confidentiality and Non-Disclosure Agreement.

10. In this capacity, REG was bound by the terms of the Confidentiality and Non-Disclosure Agreement.

11. Subsequently, Hull disclosed confidential information to CFAA regarding the testing and properties of biodiesel fuel mixtures, which was the culmination of 3 decades of know how including fuels research and testing by hull.

12. CFAA and REG breached the Confidentiality and Non-Disclosure Agreement, with REG utilizing information that was subject to the Confidentiality and Non-Disclosure Agreement to advance its own research and testing of bio-diesel fuel mixtures.

13. REG was enriched, and Hull was damaged by this breach of the Confidentiality and Non-Disclosure Agreement.

14. REG has and continues to produce and sell bio-diesel fuel mixtures that were produced with information that was subject to the Confidentiality and Non-Disclosure Agreement.

15. Instead of signing the CRADA, CFAA presented Hull with an Assignment and Assignment Back Agreement (Assignment). This Assignment purported to assign intellectual property rights, including patent rights, arising from the collaborative work between Hull and CFAA to Hull. Under certain circumstances the agreement also contained an assignment of rights back to CFAA.

16. Hull signed the Assignment based upon these statements.

17. CFAA and Hull were engaged in subsequent litigation, a declaratory judgment action filed in the United Stated District Court for the Southern District of Iowa, in which Hull sought a declaration of rights and obligations pursuant to the Assignment.

18. In the declaratory judgment action, CFAA claimed that the Assignment, despite its name, was not an Assignment, but a Licensing Agreement.

19. The statements made to Hull by CFAA in convincing Hull to enter the Assignment were false, were material to the Assignment, and were made with knowledge and intent to deceive by CFAA.

20. Hull relied upon these statements, believing that the Assignment was, in fact, an assignment, and not a licensing agreement, with resulting injury and damage.

21. The Assignment should be rescinded, and Hull awarded damages.

22. In the alternative, assuming arguendo that CFAA did not fraudulently induce Hull into signing the Assignment and truly believed that the Assignment was an assignment and not a license, then there was a mutual mistake regarding a material fact, and the Assignment should be rescinded.

23. In divulging confidential information, Hull conferred a benefit upon CFAA and REG for which no compensation was received. It would be unjust to allow CFAA and REG to retain this benefit.

24. Under the doctrine of unjust enrichment CFAA and REG should be required to compensate Hull for the benefit conferred.

Wherefore, the plaintiff requests that the Court rescind the Assignment and/or enter judgment against CFAA and REG in an amount reasonably calculated to compensate the plaintiff for its damages, together with attorney fees, interest at the maximum legal rate, and the costs of this matter.

MUNRO LAW OFFICE, P.C.

By: /s/Kenneth R. Munro
    Kenneth R. Munro  AT0005581
    4844 Urbandale Avenue
    Des Moines, IA  50310
    Phone: (515) 279-0443
    Fax:  (515) 279-0445
    Email:  ken.munro@munrolawoffice.com

ATTORNEY FOR HULL PARTNERS, LLC